May it please the Court, Rose Angulo representing Mr. Yow Yeh. Mr. Yeh, an immigrant from Taiwan, was sentenced to an additional six years in prison after biting a guard during a psychotic episode when he was being monitored by prison officials due to his unusual and bizarre behaviors. The District Court erred in dismissing Mr. Yeh's pro se federal habeas petition as untimely and specifically abused its discretion in not holding an evidentiary hearing because Mr. Yeh's language barrier and mental impairments, along with some other factors, prevented him from timely filing his federal habeas petition. You're making, I take it, an equitable tolling, aren't you? Yes, this is an equitable tolling case. I understand that Mr. Yeh was not represented at some points below, but is his response to the motion to dismiss, can it be read as raising an equitable tolling argument? Yes, that is how the District Court construed it, and we say they rightfully construed it. What they did not do correctly is they incorrectly placed the burden of persuasion on the pro se petitioner at the pleading stage. Under Waz v. Lamarck, this Court has found that where a petitioner makes good faith allegations that would, if true, entitle him to equitable tolling, further factual development is required. Here, Mr. Yeh was never given the opportunity to expand the record to include additional evidence of his entitlements to equitable tolling. The District Court also, they didn't, it almost seems they kind of skirted around the issue. They cited Mendoza v. Carey, and they recognized that this Court has found language barrier can be a basis for equitable tolling. And then they kind of say, well, but petitioners have to show diligence. They failed to look at all of the evidence that Mr. Yeh put in front of the Court showing that he was diligent. He was diligent before the statute of limitations ran. He was diligent during the statute of limitations. And he was diligent afterwards in trying to overcome his language barrier. What's his underlying habeas claim? His underlying habeas claim is that his plea, his guilty plea, was not knowing, willing, and voluntary because he did not have a translator that would allow him to ask questions of the public defender in regard to his guilty plea. He also alleges that counsel was ineffective in not considering his mental health conditions, the fact that he was on psychotropic medicine, the fact that he was an enhanced outpatient, and that that should have been used in mitigation. Was the sentence that he received concurrent or was it consecutive? Consecutive. Consecutive to the kidnapping. Yes. Term that he's still currently serving, I take it. He actually is. He was released very recently. However, this case is not. No, I was trying to figure out in terms of ineffective assistance of counsel if somebody got somebody a concurrent sentence to determine he was already serving. No, it was consecutive. That would be a pretty good deal. And, I mean, and it is true. And some of the ineffectiveness of counsel issues go directly to the equitable tolling issues. One of the things we allege in the brief is that on its face, the petition alerted the district court to his mental impairment. And there is evidence both in the record and anecdotally since the time the briefs were filed, he was able to get his mental health. I have a banker's box of thousands of pages. This man is very sick. Well, but that's not the issue in front of us. What state court decision are we reviewing if this is a habeas case? What the district court's got to find that the state court did something wrong that meets the AEDPA standards. Not for equitable tolling. For the procedural issue, this court reviews de novo. No, I understand. But I'm trying to figure out what. I'm still focusing on the habeas claim. What state court decision would you have the habeas court review? The habeas court would review the California Supreme Court's denial of his state habeas petition, of the claims. Done by postcard, I take it. Yes. And I, yes. And you didn't raise a claim in the superior court? He did raise a claim. He raised a claim in all of the courts. They, he at some point was able to obtain a jailhouse lawyer that was not consistent, but that was after the statute of limitations, during the statute of limitations. And this is, you know, again, why this case should be remanded for further factual development of his equitable tolling claims. But. Let's get back to the equitable tolling claim for a second. There's a lot of evidence in this record, and I'm not sure why there's evidence, because it's a 12b-6. But there's at least evidence that your client filed state habeas claims. That's the ones I'm asking about. He did file them. He filed them. They appear to raise the issue that he wants to raise here. So why should we assume that his incompetence extended past the point when he filed those habeas claims? You need two and a half years of equitable tolling here, don't you? Yes, we do. Well, this court. I think about a year after the denial in this case, he filed some what looked to be like pretty good state habeas claims. Why doesn't that hurt your case? This court addressed this issue in Laws v. Lamarck and said just because a petitioner has jailhouse assistance at some points does not mean that they were able to get that kind of assistance throughout the entire period in which tolling is required. When we look at the record, what do we see that says to us he was reasonably diligent? Okay. Regarding his attempt to overcome language barrier in the first instance, he, during the statute of limitations, he filed five different administrative appeals trying to get a translator or a Chinese language material. He also wrote to the director of corrections, and this is on ER 55 through 57, during the middle of the statute of limitations saying that his English was poor, that he needed a translator, that he didn't understand, that he needed assistance. He also requested to see a counselor to help with his language. And you point to a number of things. And those things do point to some diligence. Yes. But don't they also rebut the notion of incompetence? I don't think so, Your Honor. In all of the cases we've seen this. There used to be incompetence sort of the way one is incompetent to stand trial. I didn't understand the nature of the proceedings. Okay. Your Honor, the competence standard when it comes to equitable tolling is different than competence to stand trial. This Court in Bills v. Clark found that equitable tolling is permissible if a petitioner can show the mental impairment prevented him from understanding the need to timely file or the ability to effectuate the filing personally. In Bills v. Clark and in all of the other cases, including Mendoza v. Carey, which is the language case, those petitioners also filed tons of other documents. This Court has never found that a petitioner's ability to file certain documents means that they are necessarily competent to understand the AEDPA statute of limitations or to be able to file a federal petition properly. I also wanted to note, and this is related, that the main concern when considering equitable tolling, particularly with language, is whether or not the petitioner understood the need to file within the one-year statute of limitations. In Whalum Hunt v. Early, this Court found that if a petitioner doesn't have a copy of the AEDPA, they may never learn about the one-year statute of limitations. That's what happened here. Despite Mr. Yeh's requests for a translator, he never once mentioned the statute of limitations. That implies that he was unaware of it because he never got a copy of the AEDPA in Chinese, and he also never got an English language dictionary. But these are all things that the district court would be in the best position to resolve, is how diligent was he, whether his language barrier actually prevented him. With mental illness. Sotomayor, the question before us, in your view. Is whether the district court erred in failing to consider Waz v. Lamarck, which says if you make good-faith allegations that you might be entitled to equitable tolling, then factual development is required. So what would you do? Judge Ferris's question interests me. What would you do factually? You had in front of the judge his language difficulties, his attempts to file things, the record of filing other things. What additional evidence would be put in front of the district court? Okay. We could definitely develop the mental impairments. Like I said, I have banker's box showing that during the relevant period where he needs equitable tolling, he was diagnosed with paranoid schizophrenia, auditory hallucinations. He had a history of being treated with psychotropic medicine, which he's alleged, and the side effects from those medicines can make it very difficult. In fact, the district court, and I believe the central district, just granted equitable tolling for a mentally impaired petitioner because of these exact same things. We would be able to bring in the doctors that treated him. We'd be able to bring in the mental health evaluators. I mean, during the crime itself, he was being evaluated. He was having a psychotic episode when he bit this guard. We could also bring in the jailhouse lawyers that helped him with his petition to testify to the fact that he could not read or write English. One question. Did either the magistrate or the district court address mental impairment? They did not. They overlooked it. Was mental impairment one of the matters that was alleged in his petition? Yes, that was. So that's never been. There's never been a hearing. There has never been a hearing on that. And Mr. Ye was never given the opportunity to expand the declaration. Basically, the district court construed his filings as a motion for equitable tolling. Fail to appoint counsel. Fail to give a pro se. Are you appointing counsel? I see my time is up. If I may. I am. I work for the federal public defender's office, and we were appointed in the Ninth Circuit. All right. So that you would be available if we remanded on a. Yes. And I've already passed the bar. So I'm laying for first. All right. Ready to go. All right. Thank you, Your Honor. Thank you. Counsel. May it please the court. Deputy Attorney General Matt Mulford on behalf of the state. I just lost my train of thought. I'm sorry.  So tell me. Tell me why the judge on this record was, in your view, correct in dismissing the equitable tolling claim. Rejecting the equitable tolling claim. That's the essential issue in front. Sure. We've assumed that everything he said is true. We've assumed that everything that he did was reasonable. Right. Because when you filed the motion to dismiss, they came back and said, here's all this stuff. Why wasn't that enough at least to raise the judge's obligation to inquire further and have an evidentiary hearing? Because at the time he was, he should have been pursuing his federal rights. He was doing. Let him speak into the microphone. I'm sorry, Your Honor. You can help if you want. I'm trying. At the time, he should have been pursuing his federal relief. He was trying to get administrative relief in the prison itself. Now, he may have been mistaken about what his remedies were or could have been, but he was at least trying and demonstrated the ability to do things such that whatever his mental impairments or condition of his confinement, none of those things mattered to prevent him from doing some things. And if he could do some things, it wasn't extraordinary that he missed the deadline. Counsel suggests that her client needed to know about the one-year limitation. Is that your view at all? No. We disagree with that. All the relevant statutes are available in the prisons. The libraries have the materials. I'm trying to figure out. I'm trying to distinguish Mr. Mr. Yeah, maybe it's Mr. And I'm going to call him Mr. I'm trying to distinguish Mr. Yeah, from a prisoner at large. Let's assume somebody with no impairments, no speech, English, et cetera. And that person hasn't been given a copy of that book and told that he only has one year to seek habeas. Is there equitable totally during that period? There shouldn't be. No. So how much time does he have left? You know, I believe he has been released. I mean, I believe he has already been released. Well, he's already been released. Does that move this case? Not under the Ninth Circuit's authority. I mean, not under the Ninth Circuit law. Oh, OK. Because he barely bears this extra conviction. Perhaps. I mean, that's what he's trying to attack. He's trying to attack this extra. Yeah. So he pled guilty. Correct. Correct. Was he still in the United States or has he been deported or what? I have no idea about that. Oh, OK. OK. Thank you. Yeah. I did not know that. Yeah. That's all I wanted to know. So I'm trying to understand your position here. Your position is that because Mr. Yeh took steps during the one-year limitations period to attack his conviction, even though they were administrative steps and probably wouldn't have worked, that's enough to demonstrate that he was competent, sufficiently competent during that period to exercise his federal rights to pursue. Correct. I think if the rule is different than that, then we're sweeping in everybody that tries and fails to meet deadlines. Let's assume for a moment that he hadn't done any administrative stuff during the one-year period, and we know he's in a type of confinement that deals with his mental disabilities. Is that enough to totally acquit him? I don't think so. So what does he need to do, in your view? Well, it has to be extraordinary. And so extraordinary is not mental illness alone. I've seen figures suggesting that a majority of inmates are clinically depressed. And so mental illness is a very, very broad category that applies to lots of people. If we're getting to incompetence, to the level where you cannot understand what's going on and what you need to do, and if you had a lawyer, could not communicate with them, that's another story. I don't know. You know, I'd like to know what would be extraordinary. Here you've got a guy who can't speak English. We have to infer a lot of his help was through the prison people. He's mentally got problems. I just can't imagine how much more there has to be unless you're just completely laid out, unconscious all the time, or an entitled person to expand or get equitable tolling of his right to bring a case of habeas corpus. It used to be the great writ, but I don't know how great it is anymore. Well, we respectfully disagree with the opinion regarding equitable time. I just want to know how much more you could have than this. In this case, at least it will at least require a hearing. In this case, I think it would be less. He would have gaps in the record. It could be explained by times in the hospital. But here he is doing things. He's just not doing them well. And so it's he was not prevented from filing. He was prevented from filing. He owned this record. It shows he made an election. He chose to go one way rather than the other. That's what this record shows affirmatively, doesn't it? Yes, I agree. It's probably a much better way of saying what I was trying to say. It's a close call. But the district court looked at the right things. Well, there's the laws versus remark. There's the mental illness but not mental incompetence. There's, you know, he was in administrative segregation, which makes it harder to go to the library. Not impossible to go to the library because the library will bring things to you if you ask, but it makes it harder. But the district court and magistrate judge looked at it, at least in our opinion, and made the right call and found that he had not carried his burden. That's enough to affirm. Yeah. Their argument is that this may be enough to affirm on this record, but they wanted to put in more, that they have mental health evidence to show his impairment during that time period. So your position has to be that that evidence would make no difference, right? Because otherwise we should have allowed, the judge should have allowed them to try to bring it in. We're a little bit hamstrung because we can only respond on appeal to the evidence he put in. Right. But didn't they, I'm just trying to ask, did they say below, judge, if we lose all the evidence that we put in, please give us leave to amend or leave to present other evidence because we have more. We have this banker's box. No, I don't think that's correct. And I, but the explanation or caveat for that is that when he objected, he put in all kinds of things. Well, he was pro se. He was pro se. I'm trying to figure out whether below the district judge ever got any indication that there were other things that he needed to look at, or should the judge have perceived that from the stuff that he saw? Based on his pleadings and based on what he put in, the district court did things correctly. I think a rule that would require the magistrate and the district court to do more than they did is not sound policy. But I'll leave that to the court's discretion. That's, we think that's, he did enough. The district court and the magistrate have looked at everything he did. We have looked at everything he did today. If the court disagrees, well, you know, standards de novo. So respectfully, I think the parties have placed the issues in front of the court, and everybody understands the evidence. Thank you. Thank you. Case is submitted. We will be in recess until tomorrow morning. Thank you, counsel. We are free to go again. All right.
judges: Bright, Farris, Hurwitz